**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4016**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES PATRICK MONDELL,

Defendant - Appellant.

**No. 18-4017**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES PATRICK MONDELL,

Defendant - Appellant.

**No. 18-4039**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL RUIZ, a/k/a Michael Rizzoa,

Defendant - Appellant.

---

**No. 18-4044**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL RUIZ, a/k/a Michael Rizzoa,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:09-cr-01078-HMH-1; 6:17-cr-00638-HMH-2; 6:17-cr-00144-HMH-1; 6:17-cr-00638-HMH-1)

---

Submitted: July 31, 2018                    Decided: August 28, 2018

---

Before KEENAN and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Christopher R. Geel, LAW OFFICE OF CHRISTOPHER W. ADAMS, Charleston, South Carolina; Lora C. Blanchard, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenville, South Carolina, for Appellants. Beth Drake, United States Attorney, David Calhoun Stephens, Assistant United States Attorney, OFFICE OF THE UNITED STATES

ATTORNEY, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Patrick Mondell and Michael Ruiz (collectively, Defendants) pled guilty to two counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343 (2012). Ruiz also pled guilty to three counts of impersonating an officer or employee of the United States, in violation of 18 U.S.C. § 912 (2012). The district court varied upward from Defendants' advisory Sentencing Guidelines ranges, sentencing Mondell to 40 months' imprisonment and Ruiz to 160 months' imprisonment. Due to this new criminal conduct, the court also revoked Defendants' supervised release and sentenced Mondell to 27 months' imprisonment and Ruiz to 24 months' imprisonment. The revocation sentences were within Defendants' respective policy statement ranges, and the court ordered the revocation sentences to run consecutively to the sentences imposed for Defendants' new criminal conduct. In these consolidated appeals, Defendants challenge the adequacy of the court's explanations for their new sentences and their revocation sentences. We affirm.

I.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range" for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review ordinarily requires consideration of both the procedural and substantive reasonableness of the sentence, but Defendants limit their appeals to the procedural reasonableness of their upward variant sentences by challenging the adequacy of the court's explanations. *See Blue*, 877 F.3d at 517-18.

4

"[F]or every sentence—whether above, below, or within the Guidelines range—a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). The court is obliged to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Blue*, 877 F.3d at 518 (internal quotation marks omitted). Although the sentencing judge "need not robotically tick through the [18 U.S.C.] § 3553(a) [(2012)] factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), he must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority," *Blue*, 877 F.3d at 518 (internal quotation marks omitted). It may sometimes be possible to discern a sentencing court's rationale from the context surrounding its decision, including statements the court made during the sentencing hearing. *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). But "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence." *United States v. Carter*, 564 F.3d 325, 329-30 (4th Cir. 2009).

"[W]here the district court decides that a sentence outside the Guidelines' advisory range is appropriate, it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (alteration and internal quotation marks omitted). If a court's deviation from the Guidelines range "is a substantial one, we must

5

more carefully scrutinize the reasoning offered by the district court in support of the sentence. The farther the court diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *United States v. Hampton*, 441 F.3d 284, 288 (4th Cir. 2006) (alteration and internal quotation marks omitted). However, the court "need not find extraordinary circumstances to justify a deviation from the Guidelines," *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (internal quotation marks omitted), and "we will credit an articulation as clear and appropriate[] when the reasons can be matched to a factor appropriate for consideration and tailored to the defendant's situation," *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (internal quotation marks omitted).

In Mondell's case, the district court stated that an upward variance was appropriate because Mondell has a long history of preying on people and committing fraud to obtain money, and because he continued his criminal conduct immediately upon his release from prison. This explanation addresses the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C). Furthermore, the court's comments during the hearing support its explanation and establish that it considered the majority of Mondell's arguments in mitigation.

In Ruiz's case, the district court offered a lengthy explanation for imposing an upward variant sentence. It observed that Ruiz had spent his entire adult life committing fraud and stealing by deception; that no sentence had been lengthy enough to deter Ruiz

from engaging in additional criminal activity; that the Guidelines do not account for the number of convictions that were identical to the instant offense, several of which were uncounted; and that the Guidelines do not adequately account for Ruiz's decision to prey on immigrants. The court then identified the sentencing factors of primary concern in Ruiz's case: the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant, 18 U.S.C. § 3553(a)(2)(C). Furthermore, as in Mondell's case, the court's comments during the hearing support its explanation and establish that it considered the majority of Ruiz's arguments in mitigation.

Ultimately, the court's explanations for the sentences and its comments during the hearings allow for meaningful appellate review and promote the perception of fair sentencing. We do not have to guess at the court's rationale for imposing significant upward variant sentences. We therefore affirm the sentences imposed for Defendants' new criminal conduct.

## II.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release," and "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (internal quotation marks omitted). "[W]e first must determine whether the sentence is procedurally or substantively unreasonable," evaluating the same general considerations employed in review of original sentences. *United States v. Slappy*, 872 F.3d

7

202, 207 (4th Cir. 2017). Only if we find a sentence unreasonable must we determine whether it is "plainly so." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *Thompson*, 595 F.3d at 547 (internal quotation marks omitted). An explanation will be sufficient and allow for meaningful appellate review if there is "an assurance that the sentencing court considered the applicable sentencing factors with regard to the particular defendant before it and also considered any potentially meritorious arguments raised by the parties with regard to sentencing." *United States v. Gibbs*, ___ F.3d ___, ___, No. 17-4037, 2018 WL 3421706, at *4 (4th Cir. July 16, 2018) (alterations and internal quotation marks omitted). As with original sentences, "less explanation is required for" a within-policy-statement-range sentence than for one that departs from the recommended range. *Id.*

The district court did not provide a separate explanation for the length of the revocation sentences. But we conclude that the court's explanations for imposing the upward variant sentences for the wire fraud and related convictions covered several of the relevant § 3553(a) factors and that there was no need for the court to repeat itself, particularly considering that the revocation sentences were within Defendants' respective policy statement ranges. *See* 18 U.S.C. § 3583(e) (2012) (identifying § 3553(a) factors

8

applicable to revocation sentences). Moreover, during both hearings, the court emphasized Defendants' breach of trust. *See Webb*, 738 F.3d at 641 (recognizing that revocation sentences "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)).

Defendants further argue that the district court erred by failing to explain why it rejected their arguments for concurrent revocation sentences. But we have imposed no requirement that a court provide a separate explanation for running a revocation sentence consecutively to a sentence for new criminal conduct. Moreover, a court is only required to consider nonfrivolous arguments for a different sentence, *Blue*, 877 F.3d at 518-19, and Defendants' argument for running their revocation sentences concurrently to their new criminal sentences is without merit. Nothing in the Guidelines or the commentary indicates that a defendant may not receive a consecutive revocation sentence when he has also been assessed two criminal history points for committing the new offense while on supervised release. *See* U.S. Sentencing Guidelines Manual §§ 4A1.1(d), 7B1.3(f), p.s. (2016); *cf. United States v. Coombs*, 857 F.3d 439, 451 (1st Cir. 2017) (concluding that there is no legal impediment to imposing consecutive revocation sentence when "conduct committed by a person while on supervised release transgresses the criminal law as well as the conditions of supervision" and explaining that, "[w]ere the rule otherwise, a defendant would effectively escape meaningful punishment for violating his supervised release conditions"). We therefore affirm Defendants' revocation sentences.

9

III.

We conclude that the district court sufficiently explained its sentencing decisions. Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*